**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4114

FRANK EPHFROM BALLARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-96-19-BR)

Submitted: August 28, 1997

Decided: September 18, 1997

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janipher W. Robinson, ROBINSON & GREENE, Richmond, Vir-
ginia, for Appellant. Janice McKenzie Cole, United States Attorney,
Anne M. Hayes, Assistant United States Attorney, Christine Witcover
Dean, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frank Ephfrom Ballard pled guilty to conspiracy to manufacture and possess crack cocaine with intent to distribute, 21 U.S.C. § 846 (1994). He appeals his sentence of 292 months imprisonment on the grounds that the district court clearly erred in determining the amount of crack for which he was responsible under USSG§ 2D1.1,[1] and in finding that he had not accepted responsibility for his criminal conduct. USSG § 3E1.1. We affirm.

The district court found that Ballard was subject to a base offense level of 38, for which the threshold amount of crack is 1.5 kilograms.[2] Ballard sold 67 grams of crack to a confidential informant in two controlled purchases in November and December 1995. During the first transaction, which was recorded, co-defendant Sherman Knox told the informant that he had cooked a kilogram of cocaine into crack for Ballard the night before, and on the same day Ballard told the informant that he only sold "rock." At the sentencing hearing, the federal agent in charge of the investigation testified that Knox had cooperated with authorities after his arrest and admitted cooking nine-ounce (255-gram) quantities of cocaine into crack for Ballard on three earlier occasions in 1995. Knox estimated that he had cooked at least five kilograms of cocaine for Ballard in the two years he dealt with him. In addition, the agent testified that another drug dealer, Hardy Ballard, Jr., had admitted selling Ballard two kilograms of cocaine in February 1996.

_____

[1] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1996).
[2] The court adopted the probation officer's recommended finding that Ballard was accountable for 5 kilograms of crack, but only the finding of 1.5 kilograms is critical.

While conceding that the government produced evidence of his involvement with more than 1.5 kilograms of crack, **3** Ballard argues that the government's hearsay evidence from co-defendant Knox should not have been considered because it was unreliable. Generally, hearsay evidence may be considered during sentencing if it is relevant and reliable. See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). Ballard contends, incorrectly, that information supplied by a co-defendant is acceptable only when the co-defendant testifies and is cross-examined. However, the Confrontation Clause does not preclude consideration of such information at a sentencing proceeding as long as the defendant has the opportunity to rebut it. See United States v. Helton, 975 F.2d 430, 434 (7th Cir. 1992). Ballard had that opportunity. Moreover, the information obtained from Knox during post-arrest interviews was corroborated by Knox's recorded statement to the informant and further supported by information from Hardy Ballard, Jr., about Ballard's subsequent drug dealing. Therefore, we find that the hearsay evidence was properly considered and that the court's determination of the offense level was not clearly erroneous.

Ballard denied any involvement with drugs apart from the two controlled sales to the informant. A defendant who falsely denies relevant conduct that the court determines to be true has not demonstrated acceptance of responsibility. USSG § 3E1.1, comment. (n.1(a)). Consequently, the district court did not clearly err in denying Ballard the adjustment.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**3** We have previously approved an estimated 88% yield of crack from cocaine powder, as yields may vary. See United States v. Ricco, 52 F.3d 58, 63 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3247 (U.S. Oct. 2, 1995) (No. 95-5502).